**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF: | ) ) ) |
| GARY E. PEEL | ) CAUSE NUMBER 4:07 MC 394 CDP ) ) |

**ORDER**

This matter is before the Court for determination as to whether a final order of discipline should be entered in this matter, and if so, whether the same discipline ordered by the Missouri Supreme Court on April 18, 2011 [Doc. #6] should be imposed.  Gary Peel was previously suspended from the bar of this Court by order entered on September 28, 2007 [Doc. #4], consistent with the interim order of discipline entered by the Missouri Supreme Court on May 17, 2007. [Doc. #1]  In accordance with Local Rule 12.02 and the Rules of Disciplinary Enforcement, Peel was ordered to show cause [Doc. #7] why the discipline of disbarment finally imposed by the Missouri Supreme Court following his 2007 convictions in the United States District Court for the Southern District of Illinois for bankruptcy fraud, obstruction of justice and child pornography should not also be ordered by this Court.  Peel was served with the Order to Show Cause by registered mail on November 2, 2011, after two prior unsuccessful attempts.  Peel filed a timely Response on November 15, 2011. [Doc. #14]

In his Response,  Peel's principal contention is that the Missouri Supreme Court acted prematurely in entering a final order of disbarment on April 18, 2011 because the convictions upon which the discipline was based were not finally disposed.  This Court takes judicial notice of the public record in the criminal case before the United States District Court for

the Southern District of Illinois.  The docket in that case [3:06-CR-49WDS] indicates that a timely appeal was taken from the final judgment of the district court to the United States Court of Appeals for the Seventh Circuit.  The decision of the Court of Appeals was rendered on February 12, 2010, affirming the judgment of the district court in part, reversing in part and remanding with directions to vacate one of the convictions and to redetermine the appropriate sentencing guideline range and resentence the defendant.  *See*, **United States v. Peel, 595 F.3d 763 (7th Cir. 2010).**  The case was reopened by the district court on April 9, 2010 pursuant to the mandate of the Court of Appeal**s.**  Before the resentencing in the district court, Peel filed on July 14, 2010 a Petition for Writ of Certiorari in the United States Supreme Court, which was denied on January 18, 2011.  Peel v. United States, 131 S.Ct. 994, 178 L.Ed.2d 825, ( Jan 18, 2011) (NO. 10-83)   Peel's resentencing occurred on August 1, 2011, and a notice of appeal from the amended judgment of the district court was filed by Peel on August 2, 2011.  This second appeal is pending in the United States Court of Appeals for the Seventh Circuit.  In addition to these direct appeals pursued by Peel, he also has filed a civil action in the district court pursuant to 28 U.S.C. §2255 seeking to vacate, set aside or correct his sentence.  Peel v. United States, 3:11-CV-660WDS.  This action is pending resolution by the district court.

       When this disciplinary proceeding commenced on April 23, 2007, the Missouri Supreme Court had acted pursuant to Supreme Court Rule 5.21.  That rule provides for suspension of an attorney from the practice of law, upon notice through service of an order to show cause, when the attorney has pleaded guilty or is found guilty of any felony in a Missouri court or in the court of any other state or the United States "whether sentence is imposed or not."  The rule further provides that, "The pendency of an after-trial motion or an appeal shall not be a

basis for delaying the entry of an order of suspension." Under this rule, a disciplinary matter originating with a suspension based on a felony criminal conviction of an attorney may be concluded with entry of a final order of discipline as follows:

> (c) When the case in which the plea or finding was entered is finally disposed, the chief disciplinary counsel shall file with this Court a motion to discipline, together with a certified copy of the judgment, whereupon the lawyer shall be subject to discipline by this Court without the requirement of any other proceeding.

The Office of Chief Disciplinary Counsel filed its motion for a final order of discipline pursuant to Rule 5.21(c) on April 8, 2011. The Missouri Supreme Court's final order of disbarment was entered on April 18, 2011.

The question before this Court is whether the criminal case upon which this attorney discipline was imposed was "finally disposed" as of the date of the Missouri Supreme Court's order of disbarment. The commonly understood meaning of that term is that the appeal is concluded and the judgment is final. In fact, had this matter been initiated in this Court as an original disciplinary proceeding, Rule I of our Rules of Disciplinary Enforcement would have controlled, and that rule provides:

> D. Upon the filing of a certified copy of a judgment of conviction of an attorney for a serious crime, the court shall in addition to suspending that attorney in accordance with the provisions of this Rule, refer the matter to counsel appointed pursuant to Rule X for the commencement of a disciplinary proceeding before the court, in which the sole issue to be determined shall be the extent of the final discipline to be imposed as a result of the conduct resulting in the conviction, *provided that a disciplinary proceeding so instituted will not be final until all appeals from the conviction are concluded.*  (Emphasis added)

All appeals from the Respondent's convictions in the United States District Court for the Southern District of Illinois were not concluded when the Missouri Supreme Court took final action to disbar him on April 18, 2011.  Nor are all appeals concluded as of this date.  By the Missouri Supreme Court's own rules, only a suspension can be imposed during the pendency of an appeal of a criminal conviction.  A final disposition of the criminal case must mean that all direct appeals have been exhausted. The Notice of Appeal filed by Peel in the district court on August 2, 2011 demonstrates that appellate review of the amended  judgment and sentence is ongoing.  This Court will therefore defer taking final disciplinary action until such time as the appeal currently pending in the United States Court of Appeals for the Seventh Circuit is concluded and the criminal case against Peel is finally disposed.

Accordingly,

**IT IS HEREBY ORDERED** that this Court's determination of the final discipline to be imposed on Respondent Gary Peel is deferred until the pending appeal of the August 1, 2011 judgment and sentence in the criminal case before the United States District Court for the Southern District of Illinois is concluded in the United States Court of Appeals for the Seventh Circuit.

Dated this 7th day of December, 2011.

_____
**Catherine D. Perry**
**Chief United States District Judge**